UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WE THE PEOPLE HEALTH AND WELLNESS CENTER LLC,**

    **Plaintiff,**

**v.**                                                          **CASE NO: 8:24-cv-2774-MSS-NHA**

**TANYA M. PARUS,**

    **Defendant.**

_____

**ORDER**

    **THIS CAUSE** comes before the Court upon consideration of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order. (Dkt. 2) Upon consideration of all relevant filings, case law, and being otherwise fully advised, Plaintiff's Motion for Temporary Restraining Order is **DENIED WITHOUT PREJUDICE** to the extent the relief is requested without notice to Defendant Tanya M. Parus.

    Generally, for a preliminary injunction to issue, "the nonmoving party must have notice and an opportunity to present its opposition to the injunction." *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). The purpose of the notice requirement in Federal Rule of Civil Procedure 65(a)(1) is to ensure that "where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of

those facts before a preliminary injunction may be granted." <u>Kaepa, Inc. v. Achilles Corp.</u>, 76 F.3d 624, 628 (5th Cir. 1996). Federal Rule of Civil Procedure 65(b) allows the *ex parte* issuance of temporary restraining orders under certain limited circumstances. Specifically, the rule provides that the Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). Notably, an "*ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution." <u>Levine v. Comcoa Ltd.</u>, 70 F.3d 1191, 1194 (11th Cir. 1995).

In Plaintiff's Verified Complaint filed on November 27, 2024, Plaintiff alleges Defendant, allegedly a former minority member of Plaintiff, has misappropriated, retained, and used Plaintiff's patients' confidential medical records and Plaintiff's trade secrets to form a company to compete with Plaintiff. (Dkt. 1) Plaintiff asserts that Defendant's improper retention and use of this information violates the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.003 (2024). (<u>Id.</u>) Plaintiff also alleges Defendant's conduct constitutes a breach of fiduciary duty, usurpation of corporate opportunity, and conversion. (<u>Id.</u>)

The Motion for Temporary Restraining Order, which Plaintiff filed contemporaneously with the Verified Complaint, is due to be denied without prejudice

because it fails to convince the Court that the matter should proceed without notice to Defendant. Plaintiff's assertion that Defedant might destroy records or falsify evidence is not sufficient to overcome the need to give notice to a party. This is especially true here, where Plaintiff acknowledges that Defendant is represented by counsel who has been in discussions with Plaintiff regarding a non-litigation based resolution of the matter.

The Court also notes that the veracity of Plaintiff's assertion that Defendant held only a minority interest in Plaintiff is relevant to the likelihood of Plaintiff's success on the merits. This assertion is not supported by documentation of Plaintiff's organization, such as an operating agreement. There have been no documents offered to show the terms of the Parties' termination agreement or any covenants not to compete or non-dislclosure agreement. This Court declines to issue the "extreme remedy" of a temporary restraining order *without notice* with no documentary evidence of the Parties' respective ownership interests and their negotiated rights in the limited liability company. Levine, 70 F.3d at 1194.

Because factual disputes underlie the Motion, Defendant is entitled to notice and a hearing before this Court grants any injunctive relief, if such relief is proper.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, (Dkt. 2), is **DENIED WITHOUT PREJUDICE** to the extent the Motion requests relief without notice to Defendant and without a hearing.

2. Plaintiff is **DIRECTED** to provide Defendant notice of Plaintiff's requested relief and a copy of this Order.

3. The Court is available to enterain a hearing on this matter on December 3, 2024 at 3:00 p.m., or on December 4, 2024 at 10:00 a.m. Once Plaintiff has served Defendant with notice of the Motion, Plaintiff is **DIRECTED** to inform the Court of the Parties' agreed choice of the date and time for a hearing by 9:00 a.m. on December 3, 2024.

4. Defendant is expressly directed **not to destroy or delete** any documents or other evidence until this matter can be heard. If Defendant or her companies operate under an automatic deletion of documents protocol, any such automatic deletion programs shall be halted until this matter is heard. Any deletion or destruction of documents once Defendant has notice of this Order will carry significant consequences, including, if appropriate, civil and criminal contempt proceedings. This is meant to supplement, not supplant, any preservation obligations that exist under the law and the rules of evidence and civil procedure.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of December 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Plaintiff's Counsel ONLY